**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LYNIECE M. FULLER, | DOCKET NUMBERS |
| Appellant, | PH-0432-12-0006-C-3 |
| | PH-0432-12-0006-X-1 |
| v. | |
| DEPARTMENT OF VETERANS | |
| AFFAIRS, | DATE: August 19, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lyniece M. Fuller, Erie, Pennsylvania, pro se.

Marcus S. Graham, Esquire, Pittsburgh, Pennsylvania, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      This proceeding is before the Board on the administrative judge's September 17, 2013 compliance initial decision finding the agency in noncompliance with the Board's September 25, 2012 final decision. In addition, the appellant has filed a petition for review of the September 17, 2013 compliance

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision. After fully considering the filings in this appeal, and based on the following points and authorities, we JOIN the appeals under 5 C.F.R. § 1201.36 and find the agency in compliance with the Board's September 25, 2012 final decision.[2] We DISMISS the appellant's petition for enforcement, based on finding the agency in compliance, and DISMISS the petition for review for mootness.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2  On September 17, 2013, the administrative judge found the agency not in compliance with the September 25, 2012 final decision of the Board. *See* MSPB Docket No. PH-0432-12-0006-C-3, Compliance File (CF), Tab 22. Specifically, the administrative judge found that the agency's submissions did not "indicate that the computation and payment of the back pay due the appellant [had] been finalized." *Id*. at 5-6. The administrative judge was also dissatisfied with the agency's explanations of its calculations of several elements of the appellant's back pay award. *Id*. To that end, in the September 17, 2013 compliance initial decision, the administrative judge ordered the agency to take the following actions, which would then allow it to be in compliance with the Board's final decision: (1) process any adjustments deemed necessary as a result of the internal audit the agency agreed to undertake on August 16, 2013; (2) provide a readily understandable explanation of why it believes an overpayment occurred involving the unemployment compensation taxes and Thrift Savings Plan (TSP) contributions; (3) address the Federal Employees' Group Life Insurance (FEGLI) premiums issue and make any necessary adjustments; (4) pay the appellant any relocation expenses she is owed; (5) pay her any additional interest on the back

---

[2] As a preliminary matter, we note that the joinder of two or more appeals filed by the same appellant is appropriate where doing so would expedite processing of the cases and will not adversely affect the interests of the parties. *Tarr v. Department of Veterans Affairs*, 115 M.S.P.R. 216, ¶ 9 (2010); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory requirement; therefore, we join them here.

pay award she may be due; and (6) issue corrected tax documents for 2012.[3] *Id*. at 6.

¶3  On December 3, 2013, the agency submitted a brief, along with supporting documentation, which explained why it believed it was in compliance with the administrative judge's order. *See* MSPB Docket Number PH-0432-12-0006-X-1, Compliance Referral File (CRF), Tab 3. However, despite the agency's good faith effort to comply with the Board's final decision, the December 3, 2013 submission did not establish full compliance by the agency.

¶4  On May 27, 2014, the agency submitted supplemental documentation to establish compliance with the Board's final decision. CRF, Tab 5. As detailed below, the agency's supplemental documentation, viewed in conjunction with its prior submissions, shows that the agency is now in full compliance with the Board's final decision. For sake of reference, each of the administrative judge's six requirements to establish compliance will be addressed individually.

The agency must process any adjustments deemed necessary as a result of the internal audit it agreed to undertake on August 16, 2013.

¶5  The agency has processed all necessary adjustments stemming from its August 2013 audit. The agency's audit revealed that it initially failed to pay the appellant her 2011 annual relocation bonus. CRF, Tab 3 at 9. The audit further showed that the appellant had been incorrectly paid funds related to her TSP, Old Age, Survivors, and Disability Insurance (OASDI), Medicare, and retirement withholdings, and as a result, owed a debt to the agency for these funds. *See id*.

---

[3] After the administrative judge issued the September 17, 2013 initial decision finding noncompliance by the agency, the appellant filed a second petition for enforcement, which also served as a petition for review of the initial decision, asking the Board to enforce the administrative judge's September 17, 2013 compliance initial decision. Because the administrative judge's compliance initial decision required the agency to comply with the September 25, 2012 final decision, the current order will view the second petition for enforcement, along with the appellant's subsequent December 13, 2013 reply brief, as supplemental briefing in support of the original petition for enforcement.

at 12. However, the appellant's October 25, 2013 leave and earnings statement (LES) shows that the agency made the $4,301 relocation payment for 2011 to the appellant, along with all interest owed. CRF, Tab 5 at 86. The LES also indicates that, in this same pay period, the debts stemming from the improper withholding were repaid to the agency. *Id*. Accordingly, we find the agency has fully complied with the administrative judge's first requirement.

<u>The agency must provide a readily understandable explanation of why it believes an overpayment occurred involving the unemployment compensation taxes and TSP contributions.</u>

¶6    The record now contains a fully understandable explanation of the agency's assertion that an overpayment occurred involving the appellant's unemployment compensation withholdings and TSP contributions. The appellant's pay history verifies the agency's assertion that the appellant was inadvertently paid, in the November 9, 2012 back payment, the sum of $718.62, in the form of $464.55 in OASDI, $160.38 in Medicare, and $93.80 in retirement funds.[4] *See id*. at 14, 30. The same document shows that during this pay period the appellant was incorrectly paid the sum of $281.56 from her TSP account. *Id*. Moreover, for this same pay period, the appellant's TSP deposit history shows that the agency failed to withhold the sum of $422.04 for deposit into her TSP account. *Id*. at 14, 15-28. The appellant's TSP payment, combined with her lack of a deposit for the pay period, equate to the $703.60 debt the agency asserted the appellant owed. As such, we find the agency has met its requirement by explaining, and proving, the basis for both asserted debts.

---

[4] The total of these debts actually equate to $718.73, with the 11 cent differential stemming from unexplained, but acknowledged, calculation errors by the agency. *See* CRF, Tab 3 at 12.

The agency must address the FEGLI premiums issue and make any necessary adjustments.

¶7        The appellant asserted that the agency should not have withheld deductions for FEGLI coverage during the back pay period, and the administrative judge agreed with the assertion. CF, Tab 22 at 5-6. Thus, on November 30, 2013, the agency refunded the improperly withheld FEGLI contributions for the back pay period to the appellant. CRF, Tab 5 at 91-92. Hence, we find that the agency has made all necessary adjustments to the appellant's FEGLI premiums.

The agency must pay the appellant any relocation expenses she is owed.

¶8        The agency has fully reimbursed the appellant for all relocation expenses she is owed. After the agency's last audit, it believed it owed the appellant one payment of $4,301, plus interest, stemming from a failure to pay her 2011 relocation bonus. CRF, Tab 3 at 7-8. The agency paid that amount to her on October 25, 2013. CRF, Tab 5 at 86. However, upon further review, the agency determined that an additional relocation bonus of $4,301 was owed to the appellant for calendar year 2013. *Id*. at 4. The agency paid that amount, plus interest, to the appellant on May 23, 2014, thereby satisfying all debts to the appellant related to her relocation bonus. *Id*. at 6.

The agency must pay the appellant any additional interest on the back pay award she may be due.

¶9        The agency has paid the appellant all interest she is due. The agency's supplemental documentation contains a narrative summary of its interest calculations, along with a list of its precise interest calculations broken down by week. *See id.* at 95-104. The calculations account for all interest owed to the appellant based on her back pay award. *Id*. The agency further paid the appellant all interest owed for its delayed payment of her 2013 relocation bonus. *Id*. at 6. Thus, we find the agency has fully met its obligation to pay the appellant all interest she is owed.

The agency must issue corrected tax documents for 2012.

¶10 The record shows that the agency has issued the appellant corrected tax documents for 2012. The agency initially issued the appellant a W-2C form in November 2013, which reflected the error in her initial W-2. CRF, Tab 3 at 5-6, 17. After reviewing the matter further, the agency realized that another error in its calculations existed relating to the amounts subject to Medicare and social security withholding and issued a second W-2C reflecting its correction. CRF, Tab 5 at 4, 7-13. The agency has provided a narrative explanation, along with full calculations, establishing that its most recent W-2C is accurate. *Id.*

¶11 In the appellant's final submission to the Board, she argues that this requirement was not met due to the agency's alleged errors in its calculations. The appellant contends that the agency erred by including her unemployment compensation in her gross taxable wages, and by improperly documenting her tax withholdings. CRF, Tab 4 at 2. As described below, we believe both of these assertions are incorrect.

¶12 For the unemployment compensation, it appears that the appellant fails to recognize that the agency directly reimbursed the Commonwealth of Pennsylvania for the unemployment compensation it paid to the appellant while she was unemployed. CRF, Tab 3, at 9. The appellant was retroactively deemed to have been employed by the agency during that time period, meaning she had officially collected income from the agency for this time period. *See* MSPB Docket Number PH-0432-12-0006-I-1, Initial Appeal File, Tab 63 at 28-29. However, this also meant she was ineligible to receive unemployment compensation from Pennsylvania for the same period. *See* 43 Pa. Stat. Ann. § 801 (West 2013). Given that she had already collected the unemployment compensation, the agency directly reimbursed Pennsylvania for the unemployment funds the appellant collected, and then deemed those funds taxable wages. CRF, Tab 3 at 9.

¶13 Addressing the alleged error in withholdings, this appears to be derived from a misreading of the W2-C form. The agency's W2-C only contains data for

entries that were corrected in the form. CRF, Tab 5 at 4. Because the actual tax withholdings were not corrected, those entries were left blank. *Id.* Consequently, the revised tax withholdings were not actually zero as the appellant claimed. Instead, they were the same as stated in the agency's original W-2 and therefore unlisted. *Id.* Thus, we find that both of the appellant's objections are invalid and the agency is in compliance with this requirement.

The petition for review is dismissed as moot.

¶14    Finally, we dismiss the petition for review for mootness. The Board does not retain jurisdiction over a petition for enforcement once the agency has submitted evidence of compliance. *See Eikenberry v. Department of the Interior*, 39 M.S.P.R. 119, 121 (1988). As stated above, the agency has submitted evidence showing it is in full compliance with the September 25, 2012 compliance initial decision. Therefore, we find that the appellant's petition for review is moot.

¶15    Accordingly, the Board finds that the agency is in compliance and DISMISSES the petition for enforcement and petition for review. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. 5 C.F.R. § 1201.183(b).

### NOTICE TO THE APPELLANT REGARDING
### YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.